# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS COLUNGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| COPIES OVERNIGHT INCORPORATED ) | |
| A/K/A COPRESCO, ) | |
| ) | Jury Demand |
| Defendant. ) | |

## COMPLAINT

NOW COMES, the Plaintiff, Jose Luis Colunga, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., complains against the Defendant, Copies Overnight Incorporated a/k/a Copresco, and in support of his complaint states as follows:

1. This is an employment discrimination action brought by the Plaintiff to redress violations of his rights under the Americans with Disabilities Act ("ADA"), and applicable amendments.

## Parties

2. Plaintiff, Jose Luis Colunga ("Plaintiff" or "Colunga") is a citizen of the State of Illinois, residing in the Village of Lisle, County of DuPage, State of Illinois, within the boundaries of the Northern District of Illinois.

3. Defendant Copies Overnight Incorporated a/k/a Copresco ("Defendant" or "COI") is an Illinois corporation with its headquarters located at 262 Commonwealth Dr., Carol Stream, IL 60188, and conducts business within the Northern District of Illinois.

## Jurisdiction and Venue

4. The Court has subject matter jurisdiction under 28 U.S.C. §1331 and §1343 in that Plaintiff's claims involve federal questions arising under federal statutes.

1

5. All conditions precedent to lawsuit have been met. Plaintiff filed a timely charge of discrimination with the Illinois Department of Human Rights ("IDHR"). Exhibit A. Plaintiff received his Notice of Right to Sue, on October 29, 2018. Exhibits B. This Complaint is filed within 90 days of receipt of the notice.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Plaintiff's claims arose out of acts and transactions that occurred in this District.

## Facts

7. The Plaintiff, Jose Luis Colunga, is a Hispanic male.

8. Mr. Colunga was a Shipping & Receiving Machine Operator and Mechanic for the Defendant from July 23, 2013 until March 31, 2017.

9. Mr. Colunga's duties included shipping and receiving, review of materials, preparation of labels, machine repair, book binding, shrink wrap, laminating covers, cutting paper, folding, punching paper, operating copying machines, and other duties associated with a printing company. Mr. Colunga would often lift boxes upwards of 75 pounds.

10. On or about September 22, 2016, Mr. Colunga was working as a shipping clerk for the Defendant when he was injured lifting boxes.

11. Mr. Colunga was hospitalized and off of work for a few days. Upon his return, he was on work restrictions with lifting limited to 10 pounds and no bending.

12. From October 2016 until March 2017, Defendant accommodated Plaintiff's work restrictions with light duty.

13. On March 22, 2017, complainant went on a medical leave.

14. On June 19, 2017, Mr. Colunga provided the Defendant's president, Steve Johnson, with

a medical note indicating that he could return to work with restrictions of lifting not more than 30 pounds, standing and sitting limited to one hour at a time, and limited to six hours of continuous work due to his lower back injury.

15. On or about June 19, 2017, Mr. Johnson stated that he would have to consult with the Worker's Compensation adjuster at Farmer Insurance to determine the extent of the restrictions and whether Mr. Colunga could return to work.

16. Mr. Colunga remained off of work. According to Mr. Johnson, Mr. Colunga should remain off of work until the restrictions are lifted completely. .

17. On or about July 25, 2017, Mr. Colunga was examined by an Independent Medical Examiner, Dr. Kevin Walsh, for his worker's compensation claim.

18. On July 30, 2017, Dr. Walsh issued his report and determined that Mr. Colunga could return to work without restrictions.

19. On or about September 5, 2017, Mr. Colunga contacted Mr. Johnson about returning to work with the restrictions his doctor placed on him in June 2017.

20. On or about September 6, 2017, Mr. Colunga received a call from the Worker's Compensation adjuster at Farmers Insurance, who told him that the Defendant was not going to allow him back to work.

21. Mr. Colunga has medical documentation of his back disorder.

22. Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights alleging discrimination based upon disability.

23. Defendant admitted in its response to the IDHR complaint that it was aware of Plaintiff's doctor's restrictions stating that he could not lift more than 30 pounds and cannot sit or stand more than an hour at a time.

24. Defendant admitted in its IDHR response that Mr. Colunga has not been released to work without restrictions.

**COUNT ONE – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

25. Plaintiff incorporates paragraphs 1 through 24 as paragraph 25 of the Complaint, as though fully set forth herein.

26. Title I of the ADA requires employers with 15 or more employees to provide qualified individuals with disabilities an equal opportunity to benefit from the full range of employment-related opportunities available to others.

27. Upon information and belief, Defendant employs at least 15 employees.

28. Plaintiff is a disabled employee as set forth in the Americans with Disabilities Act.

29. Plaintiff was rendered disabled as defined by the Americans with Disabilities Act, due to his severe back disorder and pain that significantly restricted his major life activities.

30. At all relevant times, Plaintiff could perform his job functions with reasonable accommodations from his employer.

31. Instead of accommodating Plaintiff's conditions, Defendant subjected Plaintiff to differential treatment and adverse actions as outlined above in the course of his employment in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12201 *et seq*. and amendments. Any other reason given for said behavior is pretextual.

32. Plaintiff was terminated on or about September 6, 2017 because of his disability.

33. Non-disabled employees were not subjected to the same treatment or termination.

34. Plaintiff complained to his superiors regarding said unlawful treatment and Defendant's failure to accommodate his condition.

35. Due to its own inaction, as well as the direct actions of Defendant's president,

Defendant acted in compliance with the aforementioned unlawful acts, and ratified the same.

36. Defendant's wrongful acts, through its agents and employees, were intentional, willful and wanton, malicious, oppressive, and in total disregard and reckless indifference to Plaintiff's rights under the ADA, and justify the awarding of exemplary, liquidated and/or punitive damages.

37. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits, past and future, and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, damage to reputation, attorney fees and costs, and other damages allowed under the ADA.

WHEREFORE, Plaintiff, Jose Luis Colunga, request that this Honorable Court award him:

A. Back pay with interest, as appropriate;

B. Reinstatement or alternatively, Front pay, as appropriate;

C. Compensatory and punitive damages;

D. Costs, expenses, expert witness fees, and reasonable attorney fees; and

E. Grant him such additional relief as the Court deems just and proper.

## COUNT TWO – ADA FAILURE TO ACCOMMODATE

38. Plaintiff repeats and re-alleges paragraphs 1 through 37, as paragraph 38 of the Complaint, as though fully set forth herein.

39. Plaintiff has a protected right as a qualified individual with a disability for an equal opportunity to benefit from the full range of employment-related opportunities available to others.

40. The ADA requires employers to engage in a mutual exchange with individuals with

disabilities to evaluate how their condition may be accommodated.

41. The ADA also requires employers to make reasonable accommodations to the known physical limitations of individuals with disabilities, unless it results in undue hardship.

42. Defendant would not have suffered any undue hardship in providing reasonable accommodations to Plaintiff for his disability.

43. Plaintiff attempted to exercise his rights under the ADA through requests for reasonable accommodations.

44. Defendant failed to engage in the interactive process with Plaintiff to determine how it could accommodate Plaintiff's condition, and refused to grant Plaintiff reasonable accommodations for his disability, in violation of the ADA, and instead terminated her employment without justifiable cause.

45. The above-mentioned acts of Defendant, through its agents and employees, was willful, wanton, malicious, and oppressive and justify the awarding of exemplary and punitive damages.

46. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits, past and future, and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, physical harm, exacerbation of his medical condition, damage to reputation, attorneys' fees and costs, and other damages allowed under the ADA.

WHEREFORE, Plaintiff, Jose Luis Colunga, request that this Court award him:

A.   Back pay with interest, as appropriate;

B.   Reinstatement or alternatively, Front pay, as appropriate;

C.   Compensatory and punitive damages;

6

    D.      Costs, expenses, expert witness fees, and reasonable attorney fees; and

    E.      Grant him such additional relief as the Court deems just and proper.

Respectfully Submitted,

Jose Luis Colunga

By: s/ Anthony J. Peraica

Anthony J. Peraica, ARDC #6186661  
Anthony J. Peraica & Associates, Ltd.  
5130 S. Archer Avenue  
Chicago, Illinois 60632  
(773) 735-1700  
PeraicaLaw@aol.com